OPINION
On February 12, 1996, the Stark County Grand Jury indicted appellant, Gerald Wilson, on two counts of rape with force specifications in violation of R.C.2907.02, two counts of felonious sexual penetration with force specifications in violation of R.C. 2907.12, and three counts of gross sexual imposition in violation of R.C. 2907.05. Said charges arose from incidents involving appellant's two nieces, both under the age of thirteen. Incidents also occurred after one of the nieces turned thirteen. At the time of the incidents, appellant was in his forties. On March 20, 1996, appellant pled guilty as charged minus the force specifications. By judgment entry filed March 20, 1996, the trial court sentenced appellant to an aggregate term of six to twenty-six years in prison. On October 6, 1999, a hearing was held to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. By judgment entries filed October 8 and 12, 1999, the trial court classified appellant as a "sexual predator." Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS.
 II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON RETROACTIVE APPLICATION GROUNDS.
 III. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
 IV. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE.
 V. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
 I, II, III, IV
This court has previously reviewed these arguments in State v. Royce Albaugh (February 1, 1999), Stark App. Nos. 1997CA00167 and 1997CA00222, unreported, State v. Earl Bair (February 1, 1999), Stark App. No. 1997CA00232, unreported, and State v. Frederick A. McIntyre (February 1, 1999), Stark App. No. 1997CA00366, unreported. We hereby adopt and incorporate the corresponding assignments of error from these opinions herein. Assignments of Error I, II, III and IV are denied.
 V
Appellant argues the trial court's classification was inconsistent with the "clear and convincing evidence" standard of R.C.2950.09(B)(3). We disagree. In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. We find this to be the applicable standard as the Cook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426. R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offense;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (I) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In its judgment entry of October 8, 1999, the trial court did consider the above factors. The trial court stated it based its decision on "the factors set forth in Ohio Revised Code Sect.2950.09 et seq." The trial court noted "the heinous nature of the offenses, the age of the defendant, and the youthful age of multiple victims." At the conclusion of the classification hearing, the trial court stated it was "considering all the factors required by statute pursuant to House Bill 180." T. at 9. The trial court noted the nature of the offenses as outlined in the bill of particulars and the ages of the victims and appellant. Id. The bill of particulars filed February 27, 1996 indicates appellant engaged in a continuing course of conduct from September 1, 1991 to August 31, 1993 whereby appellant performed cunnilingus and digitally penetrated and fondled the vagina of one niece while she was under the age of thirteen. From September 1, 1993 to August 31, 1995, after this same niece turned thirteen, appellant forced her to engage in acts of fellatio and digitally penetrated and fondled her vagina. During this same time period, appellant fondled the vagina of another niece under the age of thirteen. Based upon the above factors, the trial court concluded appellant should be classified a "sexual predator" as defined in R.C.2950.01(E). Based upon our review of the record, we find the trial court's conclusion is supported by clear and convincing evidence and is not against the manifest weight of the evidence. Assignment of Error V is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 ____________ Farmer, P.J.
Wise, J. and Edwards, J. concur.